GOLFRO REALTY CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 40917.   Promulgated July 31, 1930.

*J. L. Backstrom, Esq.,* for the respondent.

OPINION.

ARUNDELL: Under the provisions of section 234 (a) (1) of .the
Revenue Act of 1924 petitioner is entitled to deduct from gross

income "a reasonable allowance for salaries or other compensation for personal services actually rendered."

In *Woodcliff Silk Mills*, 1 B. T. A. 715, we said:

The fact that salaries paid to its officers by a corporation are in direct proportion to the stockholdings of the respective officers is strong evidence of an intent to distribute profits as salaries and must be overcome by clear evidence showing that the salaries are reasonable in amount and actually represent compensation for personal services rendered.

During the period for which the alleged salaries were paid the petitioner conducted no business transactions other than negotiations with architects and others with a view to erecting a hotel on, and for the sale of, the Albany property, and in carrying out these activities Gold and Frost devoted only an average of two days a week of their time. The officers had other business activities. Gold owned, managed and operated seven stores for the sale of ladies' apparel and Frost, in addition to conducting an accounting business, devoted part of his time to the activities of a corporation in which he held the controlling interest. Petitioner had no income in 1925 other than the profit realized on the sale of the Albany property, all of which, excepting $5,665.17, was paid to Gold and Frost in direct proportion to their stockholdings. The sum paid was duly voted by petitioner's directors, consisting of Gold and Frost and their wives, but the authorization does not appear to have been one resulting from negotiations conducted at arm's length such as is ordinarily done between employer and employee. We think the evidence sustains the conclusion of respondent that the payments were distributions of profits in the guise of salaries.

*Decision will be entered for the respondent.*